■ The People of the State of New York, Respondent, v Michael Canosa, Appellant. [598 NYS2d 784] —Judgment, Supreme Court, New York County (George Roberts, J., at speedy trial and *Clayton* motions; Charles Tejada, J., at *Mapp/Dunaway* hearing, trial and sentence) rendered February 10, 1992, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree and sentencing him to five years probation, unanimously affirmed.

Contrary to defendant's contention, the motion court properly excluded the time between January 7, 1991 and March 7, 1991, under CPL 30.30 (4) (g), in view of the clerical mishap which resulted in the prosecutor's lack of awareness of defendant's indictment by a grand jury. Although defense counsel was instructed to appear before Part 30, he appeared before Part N (pre-indictment narcotics part) where the prosecutor handling the part, unaware of the prior indictment, stated "no grand jury action" had taken place. Defense counsel, an officer of the court, knew this statement to be untrue, but chose to remain silent. Under these circumstances, we believe defense counsel would not have breached a confidence or undermined his representation by correcting the misstatement of fact *(see, Guardian Life Ins. Co. v Handel,* 190 AD2d 57).

The motion court properly denied defendant's pre-trial motion to dismiss the indictment in the interest of justice without a hearing as no compelling facts were demonstrated to show this case " ' "crie[d] out for fundamental justice beyond the confines of conventional considerations" ' " *(People v Howard,* 151 AD2d 253, 256, *lv denied* 74 NY2d 811). Furthermore, no basis exists to disturb the hearing court's determination to credit the testimony of the officer, who averred to having seen defendant, through a high powered telescope, exchanging currency in return for three green colored capped vials believed to contain crack *(see, People v Prochilo,* 41 NY2d 759) providing the basis for probable cause to arrest defendant *(see, People v McRay,* 51 NY2d 594; *People v Shaw,* 193 AD2d 390). Similarly, there is no merit to the claimed gap in the chain of custody of the narcotics seized from defendant following his arrest as, unlike *People v Rivera* (184 AD2d 153), no proof was adduced that the arresting officer was holding onto other contraband from other arrestees.

We have reviewed defendant's other contentions and find

them to be without merit. Concur—Sullivan, J. P., Milonas, Ellerin and Asch, JJ.