[628 NYS2d 54]

# The People of the State of New York, Appellant, v Wilfredo Lebron, Respondent.

First Department, June 6, 1995

## APPEARANCES OF COUNSEL

*Nancy Strohmeyer* of counsel *(Patrick J. Hynes* on the brief; *Robert M. Morgenthau, District Attorney* of New York County, attorney), for appellant.

*Michael E. Gerber* of counsel *(Philip L. Weinstein,* attorney), for respondent.

## OPINION OF THE COURT

NARDELLI, J.

Defendant was arrested on October 11, 1989, for two knife-point robberies, during one of which he allegedly lifted his victim's shirt and fondled her breasts. Trial date was set for April 3, 1990, on which date the People answered ready. Defendant, however, requested an examination pursuant to CPL article 730. Several adjournments ensued before the court received the report of defendant's psychiatric examination, which concluded that he was not fit to proceed. The court entered an order of commitment on October 2, 1990, directed to the City correction authorities. It has transpired, however, that on June 11, 1990, defendant had been sentenced on a guilty plea in Kings County and on July 7, 1990, received into the State correction system. Thus, on October 1, 1991, the New York County Supreme Court order expired, with defendant never having been placed in the custody of the Commissioner of Mental Hygiene. On October 1, 1992, he moved to dismiss this indictment on speedy trial grounds.

CPL 30.30 (4) (a) expressly excludes from the time within which the People must be ready for trial any periods of time including "proceedings for the determination of competency and the period during which defendant is incompetent to stand trial". Although Criminal Term read into the statute a duty on the part of the People to ensure that the commitment was properly carried out, the Criminal Procedure Law imposes no such duty. When a defendant is found incompetent to stand trial, the court must issue an order (as was done here) of commitment "committing the defendant to the custody of

the commissioner for care and treatment in an appropriate institution for a period not to exceed one year from the date of such order" (CPL 730.50 [1]). The statute goes on to provide that when the defendant is in the custody of the Commissioner "immediately prior to the expiration of the period prescribed in a temporary order of commitment" and the superintendent of the institution determines the defendant continues to be incapacitated, such superintendent must apply to the court that issued the initial order, for an order of retention, and that court may conduct a hearing (CPL 730.50 [2]). The statute not only provides no role for the District Attorney at this juncture; it does not even provide for notice to the District Attorney. Only if the defendant is found competent to proceed must the superintendent of the facility notify both the court and the District Attorney (CPL 730.60 [2]).

Where a defendant has pleaded guilty but then withdraws such plea, the action against him, for speedy trial purposes, is deemed to have commenced on the date of such withdrawal (CPL 30.30 [5] [a]). Similarly, where a defendant was to be tried following the withdrawal of a plea of not responsible by reason of mental disease or defect, the criminal action, for speedy trial purposes, was deemed to have commenced on the date of the withdrawal of the plea *(People v Davis,* 195 AD2d 1, *lv denied* 83 NY2d 871). Such situations are analogous to this one. Once a guilty plea or a not responsible plea is entered, the prosecution necessarily ceases. When an order of commitment is issued, the prosecution likewise ceases. To require that the District Attorney monitor the progress of such order would place an undue burden on the People, and the statute does not do so.

Further, as the People note, the delay that occurred when defendant was improperly institutionalized was due to "exceptional circumstances" and therefore excludable from speedy trial calculation (CPL 30.30 [4] [g]). When the nisi prius court issued the order of commitment, defendant's attorney, who was certainly aware of the Kings County charges which predated the charges in this case, did not alert the court or the People as to defendant's whereabouts. This silence directly led to the delay of which defendant complains.

A delay attributable to an attorney standing silent when the prosecutor erroneously told the court defendant had not been indicted, when the defendant's attorney knew the truth to be otherwise, has been previously held by us to constitute

excludable time under CPL 30.30 (4) (g) *(People v Canosa,* 194 AD2d 392, *lv denied* 82 NY2d 715). The period from October 2, 1991 to October 1, 1992, when the People were first informed that the defendant was not in the custody of the Commissioner of Mental Hygiene as the order had directed, should have been excluded, both because the defendant was incompetent to proceed and because the delay was attributable to exceptional circumstances of which the People had no notice.

Accordingly, the order of the Supreme Court, New York County (Franklin Weissberg, J.), entered June 22, 1993, which granted defendant's motion pursuant to CPL 30.30 to dismiss indictment No. 11930/89, charging defendant with two counts of robbery in the first degree, two counts of robbery in the second degree, and one count of sexual abuse in the first degree, is unanimously reversed, on the law and the facts, the motion denied, and the indictment reinstated.

ELLERIN, J. P., RUBIN, ROSS and TOM, JJ., concur.

Order, Supreme Court, New York County, entered June 22, 1993, which granted defendant's motion to dismiss the indictment, reversed, on the law and the facts, the motion denied, and the indictment reinstated.