OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed. Defendant was arrested October 11, 1989, in New York County for robbery and sexual abuse. A trial date was set for
 
 *893
 
 April 3, 1990, on which the People answered ready. Defendant thereupon requested a CPL 730.30 competency examination.
 

 Before the results of the competency examination were obtained by the court, defendant pleaded guilty to pending charges on a separate Kings County indictment and was sentenced on that plea to a one and a half to three-year prison term. Pursuant to the Kings County sentencing order, defendant was transferred to the Elmira Reception Center of the New York State corrections system.
 

 Thereafter, on August 21, 1990, the court in the instant New York County case received the results of defendant’s psychological exam which concluded that defendant was not fit to proceed on the indictment. The court therefore entered an order of commitment directed to New York City corrections authorities. By that time, however, defendant was in custody of the State Department of Correctional Services serving his sentence on the Kings County conviction and was thus never placed in the custody of the Commissioner of Mental Hygiene as required by CPL 730.50. The commitment order issued by the court in this case expired on October 1, 1991, while defendant was still in the custody of the State Department of Correctional Services under the Kings County sentence.
 

 Defendant moved to dismiss the indictment in this case on speedy trial grounds on October 1, 1992. Supreme Court granted his motion holding that the People were obligated to monitor defendant’s status during the pendency of the order of commitment and that such an effort would have revealed that the commitment order had not been carried out. The Appellate Division reversed (211 AD2d 208) holding,
 
 inter alla,
 
 that CPL article 730 contemplated no role for the District Attorney once a defendant was found unfit to stand trial and an order committing defendant to the custody of the Commissioner of Mental Hygiene had been issued. At that point, the Court held, until a defendant is found fit to proceed, the prosecution ceases and no time is chargeable to the People. We now affirm.
 

 Defendant argues that the People had an obligation to monitor his competency status and that the People should be charged under CPL 30.30 with the period from October 2, 1991, when the order of commitment expired, to January 6, 1993 (the date on which defendant was brought to court in New York County). We hold that the People have no such obligation.
 

 CPL 30.30 (4) (a) specifically excludes from the time within which the People must be ready for trial periods of time dur
 
 *894
 
 ing "proceedings for determinations of competency and the period[s] during which defendant is incompetent to stand trial.” There is no express statutory duty to monitor the progress of a defendant who has been declared incompetent in the speedy trial statute. In contrast, when the defendant is absent or unavailable, the People are not required to be ready for trial but must make "diligent” and "reasonable” efforts or exercise "due diligence” to bring the defendant before the court (CPL 30.30 [4] [c], [e]).
 

 Similarly, the District Attorney is given no duty to monitor a defendant who has been ordered committed to the custody of the Commissioner of Mental Hygiene under the other statutory provisions that delegate duties regarding those defendants found unfit to proceed, and imposing such a duty under CPL 30.30 would be inconsistent with the detailed statutory scheme. When a defendant is found unfit to stand trial on a felony indictment after a hearing conducted pursuant to CPL 730.30, the court must "issue an order of commitment committing the defendant to the custody of the commissioner [of Mental Hygiene] for care and treatment in an appropriate institution for a period not to exceed one year from the date of such order” (CPL 730.50 [1]). Upon such an order of commitment "the criminal action pending against the defendant in the court that issued [the] order is suspended until the superintendent of the institution in which the defendant is confined determines that he is no longer an incapacitated person” (CPL 730.60 [2]) except in statutorily prescribed circumstances not applicable here. In the event that a defendant is found no longer incapacitated, the superintendent must give notice in writing to the appropriate District Attorney
 
 (id.).
 
 However, if the superintendent of the institution in which the defendant is confined determines prior to the expiration of the order of commitment that the defendant continues to be incapacitated, the superintendent must apply to the court for an order of continued custody
 
 (see,
 
 CPL 730.50 [2]). The statute requires that written notice of the application for continued custody be given to the defendant and to mental hygiene legal services, but not to the District Attorney
 
 (see, id.).
 
 If custody is continued, it is by court order and likewise without notice to the District Attorney. It is only if "the court is satisfied that the defendant is no longer an incapacitated person [that] the criminal action against him must proceed”
 
 (id.).
 

 The foregoing statutes expressly suspend the criminal action after the order of commitment is issued thereby temporarily
 
 *895
 
 discontinuing the involvement of the District Attorney with the defendant. The District Attorney thus has no duty of inquiry until the defendant is declared competent by the court or the superintendent of the facility in which the defendant is confined. It is the determination that the defendant is no longer incapacitated that brings the District Attorney back into the proceedings and revives the People’s trial readiness obligations under GPL 30.30. Hence, the period between an order of commitment and a finding that a defendant is no longer incapacitated, i.e., ”period[s] during which [a] defendant is incompetent to stand trial” (CPL 30.30 [4] [a]), may not be charged against the People.
 

 In this case, defendant was declared unfit to proceed and ordered committed to the custody of the Commissioner of Mental Hygiene. He has never been found competent. Albeit attributable in part to his placement with the Department of Correctional Services upon conviction and sentence in an unrelated case, rather than with the Department of Mental Hygiene, the time period following defendant’s order of commitment may not be charged to the People.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.