■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARK SMITH, Respondent. [670 NYS2d 485] —Order, Supreme Court, New York County (Renee White, J.), entered on or about September 17, 1996, which granted defendant's motion to dismiss the indictment pursuant to CPL 30.30, unanimously reversed, on the law and the facts, the indictment reinstated and the matter remanded for further proceedings.

Defendant was arrested and indicted for possession of crack cocaine on indictment No. 7116/95. He was released and scheduled for arraignment on August 18, 1995. Another Mark Smith (Mark Smith II), who was incarcerated, was arraigned on August 18 on indictment No. 5342/95. The clerk erroneously assumed that both indictments referred to Mark Smith II, who was present while the defendant herein was not. This error was compounded by the fact that the Legal Aid attorney appearing for Mark Smith II announced that he was representing Mark Smith II on indictment No. 7116/95 and that another attorney represented him on indictment No. 5342/95. Thereafter, on September 12, 1995, Mark Smith II pled guilty to charges under his own indictment *and under defendant's indictment.* At sentencing, the prosecutor, having reservations, asked for an adjournment for a resolution of the question of whether there were two Mark Smiths. The court denied the adjournment and sentenced Mark Smith II to serve sentences under both indictments.

Defendant herein was returned on a bench warrant on April 4, 1996 and served and filed a speedy trial motion on July 31, 1996. The Supreme Court granted this motion. It stated that

the People could not rely on "court error" to circumvent the purpose of the speedy trial statute and specifically found the People's assertion of exceptional circumstances to be without merit. This finding was erroneous. As noted by the People, it is hard to conceive of a *more* "exceptional" circumstance than the gross mistake that was first generated by defendant's failure to appear on August 18.

We have previously noted that where a defense attorney's silence as to his client's whereabouts "directly led to the delay of which defendant complains," exceptional circumstances are presented (*People v Lebron*, 211 AD2d 208, 210, *affd* 88 NY2d 891). We have also held that a delay attributable to an attorney standing silent when the People erroneously told the court that defendant had not been indicted when the attorney knew the truth to be otherwise is excludable time from speedy trial calculations (*People v Canosa*, 194 AD2d 392, *lv denied* 82 NY2d 715). A fortiori, when the counsel for Mark Smith II inadvertently misled the People and the court by erroneously asserting that he was the man arrested on defendant's indictment, exceptional circumstances have been shown. Moreover, the court clerk made the initial mistake of treating both indictments as referring to Mark Smith II. Defendant herein either was *not* present in the courtroom or stood by while another assumed the guilt for a crime of which he was charged. He should not be allowed to benefit from his non-action. Because of these "exceptional circumstances" of delay occasioned by the defendant and compounded by the court, the period of time attributable to this delay should not have been charged to the People (CPL 30.30 [4] [g]). Concur—Ellerin, J. P., Nardelli, Wallach and Mazzarelli, JJ.