■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY WILLIAMS, Appellant. [750 NYS2d 504] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered November 3, 2000, convicting him of attempted murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN WILLIAMS, Appellant. [750 NYS2d 505] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered November 29, 1999, convicting

him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence, and (2) a resentence of the same court, imposed December 22, 1999.

Ordered that the judgment and the resentence are affirmed.

Under the circumstances of this case, the delay in the defendant's sentencing was not the result of judicial or prosecutorial negligence. Therefore, the defendant was not entitled to dismissal of the indictment pursuant to CPL 380.30 (*cf. People v Miller,* 130 AD2d 449, 450; *People v Monaghan,* 34 AD2d 815; *see generally People v Lebron,* 88 NY2d 891, 894-895). Moreover, the defendant was not in the custody of the Commissioner of Mental Health for a period totaling more than two thirds of the maximum sentence for the highest class felony charged in the indictment (*see* CPL 730.50 [3]). Florio, J.P., Krausman, Townes and Crane, JJ., concur.