(January 10, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL ROSA, Appellant. [850 NYS2d 234]—

Peters, J. Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered September 12, 2003, upon a verdict convicting defendant of the crime of burglary in the second degree.

In the early morning hours of July 20, 2002, defendant and two others entered the victim's apartment and removed appliances and furniture. A neighbor, who saw defendant removing the items, called the police. Upon their arrival, they spoke with defendant who explained that the victim was in custody and had asked him to watch her apartment and take care of her property. Later that day, the victim, who had not been incarcerated, discovered the burglary. Upon an investigation, stolen items stored by defendant were retrieved. Following a jury trial,

defendant was convicted of burglary in the second degree. He was sentenced as a second felony offender to a term of imprisonment of nine years, with five years of postrelease supervision. He appeals.

Addressing first defendant's challenge to County Court's *Sandoval* ruling, we find no error or abuse of discretion. Defendant was convicted of manslaughter in the first degree in 1978 and sentenced to a prison term of 8 to 24 years. He was paroled after eight years but thereafter incarcerated on seven separate occasions for violations of parole. In a 1997 arrest while on parole, he was charged with burglary, later pleading guilty to criminal trespass. After this evidence was presented at a *Sandoval* hearing, the People were permitted to inquire whether defendant had been convicted of a felony in 1978, had his parole revoked seven times, and was convicted of criminal trespass in 1997. Defendant's assertion that the convictions were too remote in time is unpersuasive, since incarceration may toll periods of time when assessing remoteness (*see People v Gilliam*, 36 AD3d 1151, 1153 [2007], *lv denied* 8 NY3d 946 [2007]; *People v Mack*, 6 AD3d 551, 552 [2004], *lv denied* 3 NY3d 660 [2004]).

Next assessing the sufficiency and weight of the evidence used to support the conviction of burglary in the second degree, we find that the testimony of the victim, her neighbor, the codefendant, the police officers who spoke with defendant both before and after his arrest, and defendant's former wife constitute legally sufficient evidence to support the jury's finding that defendant knowingly entered and remained unlawfully in the victim's apartment and removed property from her residence. Moreover, upon our independent review of this evidence in a neutral light, giving appropriate deference to the credibility determinations of the jury, we find the verdict to be supported by the weight of the evidence (*see People v Camerena*, 42 AD3d 814, 815 [2007], *lv denied* 9 NY3d 921 [2007]).

Having reviewed and rejected defendant's remaining contentions as lacking in merit, we affirm.

Cardona, P.J., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.