█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS R. SWAN, Appellant. [934 NYS2d 583]—

McCarthy, J. 

In September 2007, defendant, along with three other teenagers, left a party to purchase more alcohol. While driving back to the party, defendant lost control of his vehicle, resulting in an accident that killed two of his passengers and injured the third. Following a nonjury trial, County Court found him guilty of vehicular manslaughter in the first degree, vehicular manslaughter in the second degree (two counts), assault in the third degree and driving while intoxicated. The court sentenced him to concurrent terms of 3 to 9 years in prison for vehicular manslaughter in the first degree, 2 to 6 years in prison on each count of vehicular manslaughter in the second degree, one year for the assault count and a fine and license revocation for driving while intoxicated. Defendant appeals.

---

**5.** Notably, at sentencing the People informed County Court that they were not asking for consecutive sentences.

The preindictment delay did not deprive defendant of his due process right to a speedy prosecution.[1] A good faith determination by the People to delay prosecution will not deprive a defendant of due process even if some prejudice to the defendant exists (*see People v Decker*, 13 NY3d 12, 14 [2009]; *People v Vernace*, 96 NY2d 886, 888 [2001]). Courts must weigh several factors to determine whether the delay was unreasonable and thereby deprived the defendant of due process: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (*People v Taranovich*, 37 NY2d 442, 445 [1975]).

Here, the People waited eight months after the accident before securing an indictment. Part of this time was spent waiting for results from the blood alcohol test and for the completed accident reconstruction report. Although State Troopers took measurements and photographs on the night of the accident, they also returned to the scene later, which they testified was customary. The report then had to go through three levels of review before it was considered final. Thus, the People reasonably delayed filing charges while the investigation was continuing (*see United States v Lovasco*, 431 US 783, 791 [1977]; *People v Lesiuk*, 81 NY2d 485, 490 [1993]). The underlying charges, which addressed the deaths of two individuals and injuries to a third, were serious. Defendant was not incarcerated or formally charged during those eight months. Although defendant contends that he was prejudiced by the State Police Crime Lab's destruction of his blood sample, that sample was not destroyed until well after the indictment was secured. Additionally, County Court suppressed the test results of his blood alcohol content (*see* CPL 240.70 [1]), leading to dismissal of one count of the indictment.[2] Considering all of the factors here, the People met their burden of establishing good cause for the delay, and de-

---

1. While defendant points out that he was arrested within hours of the accident, statutory speedy trial rights only arise "[a]fter a criminal action is commenced" (CPL 30.20 [1]; *see* CPL 30.30 [1] [a]). The arrest did not constitute commencement of a criminal action (*see* CPL 1.20 [17]). Although a felony complaint was drafted by police well before the indictment was obtained, the felony complaint was never filed with the court; thus, the action commenced upon filing of the indictment (*see* CPL 1.20 [17]). Defendant does not complain about any postindictment delay.

2. Without proof of the test result of .12%, the People were unable to prove the count of per se driving while intoxicated (*see* Vehicle and Traffic Law § 1192 [2]).

fendant's due process right to a speedy prosecution was not violated (*see People v Lesiuk*, 81 NY2d at 490-491).

The convictions were not against the weight of the evidence. In this regard, defendant challenges the proof of intoxication and County Court's admission of a State Trooper's accident reconstruction report and testimony. Defendant admitted drinking six to eight beers at the party prior to the accident. A paramedic testified that she noticed a strong odor of alcohol coming from defendant's breath. A Trooper testified that he similarly noticed a strong smell of an alcoholic beverage from defendant's breath and that defendant "had droopy, watery bloodshot eyes and a red flushed face and seemed to have slow thick slurred speech." The court also heard a tape of defendant's 911 call, allowing the court to determine for itself the quality of defendant's speech immediately after the accident. While several witnesses testified that they did not notice any indicia of intoxication, we will not disturb the factfinder's credibility determinations which led to a finding that defendant was intoxicated.

The Trooper who reconstructed the accident testified as to his training and experience in responding to, investigating and reconstructing vehicular collisions. Based on his qualifications, County Court did not abuse its discretion in permitting this witness to render expert opinions regarding the estimated speed of the vehicle as well as the manner in which the crash occurred (*see People v Hicks*, 2 NY3d 750, 751 [2004]; *People v Eckhardt*, 305 AD2d 860, 864 [2003], *lv denied* 100 NY2d 620 [2003]). Defendant's remaining arguments concerning the weight of the evidence are merely attacks on witness credibility. Giving deference to the factfinder's determinations in that regard, the weight of the evidence supports the convictions.

Peters, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.