(March 8, 2012)

The People of the State of New York, Respondent, v Lawrence A. Woodard, Appellant. [939 NYS2d 648]—

Kavanagh, J. Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered May 27, 2009, upon a verdict convicting defendant of the crimes of criminal sexual act in the first degree, sexual abuse in the first degree, criminal possession of a weapon in the third degree, coercion in the first degree and menacing in the second degree.

On the afternoon of April 21, 2008, the victim and defendant were talking outside his apartment when he invited her in for a visit. Shortly after they entered the apartment, defendant threatened the victim with a kitchen knife and, while he held her about the neck, forced her to walk down the hallway into his bedroom. There, he ordered the victim to disrobe, grabbed her by the hair, pulling some of it from her head and, after he undressed, sexually assaulted her. Later, the victim told defendant that she needed to be with her son who was about to report

for military duty and promised to return to the apartment if he would let her leave. Once outside the apartment, the victim called 911 and the police immediately responded. When the police did not find defendant in his apartment, they searched it pursuant to a search warrant and seized kitchen knives, as well as hair samples found in the bedroom. Later that evening, defendant was arrested after he returned to the apartment and was subsequently incarcerated in the county jail. There, the clothes he was wearing when arrested were secured by jail personnel and later taken by the police in connection with their investigation.

On April 28, 2008, defendant was charged by indictment with, among other things, criminal sexual act in the first degree, sexual abuse in the first degree, criminal possession of a weapon in the third degree, menacing in the second degree and coercion in the first degree. After a jury trial, he was convicted of these crimes and, on his conviction for sexual assault in the first degree, he received the maximum sentence of 25 years in prison and 25 years of postrelease supervision. Lesser sentences, all of which were directed to run concurrently, were imposed for his other convictions. Defendant now appeals.

Initially, defendant claims that his statutory right to a speedy trial was violated (*see* CPL 30.30 [1] [a]). We disagree. The People had six months after the indictment was filed on April 28, 2008 to announce they were ready for trial (*see* CPL 30.30 [1] [a]; 1.20 [17]; *People v Swan*, 90 AD3d 1146, 1147 n 1 [2011]). Two days later, defendant was arraigned and defense counsel requested that County Court initiate proceedings to determine if defendant was competent to stand trial (*see* CPL art 730). After the court issued such an order on May 6, 2008, defendant filed an omnibus motion that, among other things, challenged the legal sufficiency of the evidence submitted to the grand jury, and requested that the grand jury minutes be provided to the court for its inspection. Shortly after defendant filed this motion, two psychiatrists submitted reports to the court indicating that they had found defendant incompetent to proceed to trial. The People took the position that as long as a question existed concerning defendant's competency, they were not required to respond to the omnibus motion unless so ordered by the court. A hearing was subsequently held and, in November 2008, defendant was found to be competent to stand trial.[1] The People were then ordered to respond to defendant's omnibus

---

1. On July 2, 2008, County Court issued a temporary order of observation and defendant was admitted to a psychiatric center for treatment and evaluation. Shortly after his admission, a psychiatrist at the psychiatric center

motion and, on January 23, 2009, provided the court with the grand jury minutes.

Defendant claims that the delay in providing County Court with the grand jury minutes was chargeable to the People and, because more than six months had passed since the indictment was filed, his statutory right to a speedy trial was violated. When determining whether the People have satisfied their statutory obligation to be ready for trial within six months of the indictment being filed, certain time delays are excludable, including those that occur because proceedings had to be conducted to determine if a defendant is competent to stand trial (*see* CPL 30.30 [4] [a]; *People v Lebron*, 88 NY2d 891, 893-894 [1996]; *People v Williams*, 41 AD3d 1252, 1254 [2007]; *People v Boda*, 28 AD3d 379, 380 [2006], *lv denied* 7 NY3d 785 [2006]). Here, almost five months passed after questions were first raised regarding defendant's capacity to understand the proceedings against him and the court issued its finding that he was competent to stand trial. Since that time period is not chargeable to the People, it is clear that they declared their readiness for trial within the statutory time period, and defendant's motion to dismiss was appropriately denied (*see People v Lebron*, 88 NY2d at 894; *compare People v Johnson*, 42 AD3d 753, 754 [2007], *lv denied* 9 NY3d 923 [2007]).

Defendant also challenges County Court's decision to permit the People to cross-examine him at trial regarding his conviction for a felony assault that occurred in 1981. In that regard, County Court noted that defendant had a lengthy criminal record and, in its *Sandoval* ruling, precluded the People from cross-examining defendant regarding numerous other convictions that appeared on his record. Also, defendant was incarcerated as a result of this conviction, and remained in custody until three years before this incident is alleged to have occurred. Therefore, this conviction was not, as defendant contends, so remote as to have no value on the issue of his credibility as a witness at trial (*see People v Wilson*, 78 AD3d 1213, 1215-1216 [2010], *lv denied* 16 NY3d 747 [2011]; *People v Rosa*, 47 AD3d 1009, 1010 [2008], *lv denied* 10 NY3d 816 [2008]). Also, the court instructed the jury that evidence of this conviction was not proof of defendant's guilt and restricted cross-examination so that the jury was not informed that this conviction was for a sexual assault (*see People v Smith*, 63 AD3d 1301, 1304 [2009], *lv denied* 13 NY3d 862 [2009]). As a result, the court's *Sandoval*

reported to the court that defendant was competent and fit to proceed to trial. Defendant, however, requested that a hearing be held prior to the court making a finding regarding his competency.

ruling represented a measured attempt to strike an appropriate balance between the People's right to cross-examine defendant about prior bad acts that were relevant in assessing his credibility and defendant's right to a fair trial.

Defendant also claims that County Court improperly denied his motion to suppress the clothing that had been taken from him while at the county jail. As previously noted, prior to defendant's arrest, the police obtained a search warrant for his apartment authorizing the seizure of, among other things, "personal items of [the defendant], including but not limited to articles used for grooming, and clothing items, including black dress pants, blue short sleeve button up shirt and white brief style underwear." Defendant was not arrested until after the police had completed their search of the premises and had left the apartment. Later that evening, they took defendant into custody and noted that, at that time, he was wearing black pants and a khaki button up shirt. These clothes were taken from defendant by jail personnel and stored with his other belongings at the county jail. The day after he was taken into custody, the police, without a warrant, seized this clothing in connection with their investigation, and a hair sample found on it was subjected to DNA analysis.[2] Defendant argues that since this clothing was not described in the search warrant for his apartment, the police should have obtained a search warrant authorizing its seizure from the county jail, and the clothing should not have been admitted into evidence at trial. However, since defendant was wearing this clothing when he was taken into custody by the police and placed under arrest, he can hardly claim that he had any legitimate expectation of privacy that was violated when the police seized these items from the county jail. As such, a search warrant authorizing the seizure of this clothing was not required (see People v Natal, 75 NY2d 379, 383-384 [1990]). Moreover, this clothing had limited evidentiary value when introduced into evidence at trial and there is simply "no reasonable possibility" that it played any role in the jury's decision to convict defendant (People v Crimmins, 36 NY2d 230, 237 [1975]). As such, any error that may have been committed by its admission into evidence was "harmless beyond a reasonable doubt" (id.; see People v Marshall, 57 AD3d 1163, 1165 [2008]).

Defendant next argues that County Court should not have allowed the People to introduce evidence seized from his apartment that was not listed on the return form prepared by the police and filed with the court in connection with the execution of

---

2. The hair sample found on the shirt could not be subjected to DNA testing because it did not have any root cells.

the search warrant. Specifically, the return only listed kitchen knives as property that had been seized from defendant's apartment pursuant to the search warrant, and made no mention of the hair samples that had been recovered from his bedroom. However, in response to an inquiry from defense counsel, police filed an amended return in April 2009, which listed the hair samples found in defendant's bedroom, as well as the clothing taken from the county jail, and a hair sample found on those clothes. Defendant argues that since this amended return was not prepared until well after the police had executed the search warrant and had filed the original return, the items listed on it should not have been admitted into evidence at trial.

CPL 690.50 (5) states that "[u]pon seizing property pursuant to a search warrant, a police officer must without unnecessary delay return to the court the warrant and the property, and must file therewith a written inventory of such property, subscribed and sworn to by such officer." However, the filing of such a return was a ministerial act and "noncompliance will not invalidate" a search that was properly executed pursuant to a valid search warrant (*People v Nelson*, 144 AD2d 714, 716 [1988], *lv denied* 73 NY2d 894 [1989]; *see People v Fernandez*, 61 AD3d 891, 892 [2009], *lv denied* 13 NY3d 744 [2009]; *People v Dominique*, 229 AD2d 719, 720 [1996], *affd* 90 NY2d 880 [1997]; *People v Morgan*, 162 AD2d 723, 724 [1990]). Here, County Court, after a hearing, found that the failure to include all of the items seized by the police in the original return was an oversight and did not result in any meaningful prejudice to defendant. On this record, we see no reason to disturb this determination and find that defendant's motion in regard to the amended return was properly denied.

Finally, contrary to defendant's claim, the merger doctrine does not apply to the crime of coercion (*see generally People v Cassidy*, 40 NY2d 763, 765 [1976]; *see People v Scott*, 47 AD3d 849, 850 [2008], *lv denied* 10 NY3d 870 [2008]; *People v Richard*, 30 AD3d 750, 755 [2006], *lv denied* 7 NY3d 869 [2006]). Instead, it "is intended to preclude a conviction for kidnapping based on acts which are 'so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them' " (*People v Mao-Sheng Lin*, 50 AD3d 1251, 1252 [2008], *lv denied* 10 NY3d 961 [2008], quoting *People v Gonzalez*, 80 NY2d 146, 153 [1992]; *see People v Cassidy*, 40 NY2d at 767). Moreover, holding the victim at knife point and forcing her to walk down a hallway to the bedroom were discreet acts and constituted competent proof

that defendant committed the crime of coercion before perpetrating this sexual assault (*see generally People v Scott*, 47 AD3d at 850; *People v Sceravino*, 193 AD2d 824, 825 [1993], *lv denied* 82 NY2d 759 [1993]). As such, these acts warrant "punishment separate from the other crimes he committed" (*People v Scott*, 47 AD3d at 850).

Defendant's remaining claim has been reviewed and found to be lacking in merit.

Peters, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.