Judgment, Supreme Court, New York County (Carol Berk-man, J., at speedy trial motion; Edward J. McLaughlin, J., at jury trial and sentencing), rendered September 15, 2009, convicting defendant of criminal sexual act in the first degree, sexual abuse in the first degree and criminal contempt in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 10 years, unanimously affirmed.
*482 The court properly denied defendant’s speedy trial motion. Even with the periods conceded by the People to have been erroneously excluded, there is insufficient includable time to require dismissal.
In denying the motion, the court properly excluded periods that constituted “reasonable period[s] of delay resulting from . . . proceedings for the determination of competency and the period during which defendant [was] incompetent” (CPL 30.30 [4] [a]). The period during which defendant was incompetent encompassed periods during which judicial determinations of incompetency were still in effect, regardless of whether psychiatrists at the facility to which defendant had been committed had expressed opinions that defendant was no longer incompetent. Even if the People had some “duty of inquiry” when the facility concluded that defendant was competent, “[i]t is the determination that the defendant is no longer incapacitated that brings the District Attorney back into the proceedings and revives the People’s trial readiness obligations under CPL 30.30” (People v Lebron, 88 NY2d 891, 895 [1996]), and “[a] finding of trial competency [to stand trial] is within the sound discretion of the trial court and involves a legal and not a medical determination” (People v Phillips, 16 NY3d 510, 517 [2011] [internal quotation marks omitted]).
Similarly, each time defendant was found competent, the People were entitled to a reasonable period to prepare for trial (see People v Green, 90 AD2d 705 [1982], lv denied 58 NY2d 784 [1982]), measured from the judicial determination of competency. Each of these periods constituted “a reasonable period of delay resulting from . . . proceedings for the determination of competency . . . pre-trial motions” within the meaning of CPL 30.30 (4) (a). Furthermore, in each instance where the motion court found a delay to be reasonable and thus excludable, including time to prepare following findings of competency, time to respond to discovery requests, and time to produce grand jury minutes, the court’s determination was appropriate.
The court also properly excluded a period that resulted from a pro se motion made by defendant, including the time that it was under consideration by the court (see CPL 30.30 [4] [a]), even though the court ultimately chose not to decide the motion after defense counsel declined to adopt it and instead offered to submit his own motion on the same subject. The record fails to support defendant’s assertion that his pro se submission should not be deemed a motion for purposes of CPL 30.30 (4) (a).
Turning to trial-related issues, we find no grounds for reversal. The court properly exercised its discretion when it *483 denied defense counsel’s midtrial applications for yet another competency examination (see Pate v Robinson, 383 US 375 [1966]; People v Tortorici, 92 NY2d 757 [1999], cert denied 528 US 834 [1999]; People v Morgan, 87 NY2d 878 [1995]). Defendant made two brief and isolated outbursts. One outburst was a crude exercise in rhetoric, the other was an inartfully stated legal argument, and neither suggested that defendant lacked the ability to understand the proceedings or assist in his defense. On the contrary, defendant took an active role in his defense and otherwise exhibited competence throughout the trial (see People v Mendez, 306 AD2d 143 [1st Dept 2003], lv denied 100 NY2d 622 [2003]). Even when defendant’s outbursts are viewed in the context of the prior findings of incompetency, they did not require the court to order a new examination.
The court properly granted the People’s motion to quash defendant’s subpoena for the victim’s rape crisis counselor records, which were privileged under CPLR 4510. Since defendant did not establish a basis for his claim that these records contained material evidence, he was neither constitutionally nor statutorily entitled to examine the records or to have the court examine them in camera (see Pennsylvania v Ritchie, 480 US 39, 58 n 15 [1987]; see also CPL 60.76; People v Gissendanner, 48 NY2d 543, 548-551 [1979]). Defendant’s showing consisted of general and speculative claims that could apply to nearly any case involving confidential records.
We have considered and rejected defendant’s arguments concerning the sufficiency of the evidence supporting the contempt charge and the admissibility of evidence received under the prompt outcry exception to the hearsay rule. Concur — Friedman, J.P., Richter, Feinman and Gische, JJ.