■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN C. PADULA, Appellant. [602 NYS2d 737] —Yesawich Jr.,

J. Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered September 14, 1990, upon a verdict convicting defendant of the crimes of murder in the second degree and leaving the scene of an incident without reporting.

At about 5:30 P.M. on July 11, 1989, after drinking a considerable amount of beer during the afternoon, defendant, disregarding traffic devices, drove his high-powered sports car at an excessive speed down Elm Street in the City of Oneonta, Otsego County. The second cross street he encountered was Center Street. Traffic on this street was described by a City engineering aide as being "high-volume", especially during the morning and evening rush hours. As defendant approached the intersection, the traffic control signal changed from yellow to red; defendant, although exhorted by his passenger to stop, did not brake but entered the intersection at a very high rate of speed, where his car collided with two other vehicles, eventually coming to rest on its side. Helped out of the car window by his passenger, defendant fled. As a result of the collision, an 11-year-old girl, who had been a passenger in one of the other cars, was fatally injured.

Defendant was apprehended later that day and a chemical test showed his blood alcohol content to have been between .08% and .12% at the time of the occurrence. He was indicted for murder in the second degree in violation of Penal Law § 125.25 (2) (depraved indifference murder) and leaving the scene of an incident without reporting in violation of Vehicle and Traffic Law § 600 (2). Following a jury trial in which instruction was given on the charged offenses, as well as the lesser included offenses of manslaughter in the second degree and criminally negligent homicide, defendant was convicted on both counts as charged.

It is defendant's contention that the facts developed at trial are insufficient, as a matter of law, to support the murder conviction. Though he acknowledges acting recklessly, he maintains that a fair appraisal of the degree of risk presented by his conduct at the time of the accident, objectively assessed based on the totality of the circumstances, does not warrant a finding of "depraved indifference to human life" (see, Penal Law § 125.25 [2]; *People v Register*, 60 NY2d 270, 277, *cert denied* 466 US 953). We disagree.

In a similar case, the defendant's excessive rate of speed and failure to brake while proceeding along a busy city street and partly onto its sidewalk were found to satisfy the de-

praved indifference element of the crime *(People v Gomez,* 65 NY2d 9, 12). Here, not only was defendant's speed extremely high (it was estimated by several eyewitnesses and an accident reconstruction expert to be between 70 and 80 miles per hour in an area where the posted limit is 30 miles per hour), but he had also made the deliberate decision to get behind the wheel of a vehicle after becoming intoxicated and to operate that vehicle with no regard for the rules of the road. In *People v Gomez (supra,* at 12), referring specifically to the use of a motor vehicle "in a wanton and callous manner", the Court of Appeals observed that "[t]he focus of the depraved mind murder statute is to allow a trier of fact to discern depravity of mind from the circumstances under which an object or instrumentality is used". While a decision to drive while under the influence of alcohol or other intoxicants alone may not evince sufficient indifference to support a murder conviction, when considered along with defendant's other patently heedless conduct—in addition to his speeding, there was evidence from which the jury could have found that defendant failed to brake or take any evasive action despite his passenger's warning, and that the cars lawfully preparing to enter the intersection were visible to defendant as he approached— it provides ample basis for the jury's verdict *(see, People v Shabaz,* 173 AD2d 498, 500, *lv denied* 79 NY2d 923; *People v Moquin,* 142 AD2d 347, 353; *cf., People v McGrath,* 195 AD2d 831, 832, 833).

Defendant was sentenced to (1) complete the term he owed on a previous felony conviction, (2) an indeterminate term of 2 to 4 years for leaving the scene of an incident, and (3) an indeterminate term of 20 years to life for the murder conviction, all to be served consecutively. In view of defendant's lengthy criminal history, apparent lack of remorse and grossly reckless conduct in the face of grave risk, we do not find the sentence imposed to be harsh or excessive *(see, e.g., People v Chamberlain,* 178 AD2d 783, *lv denied* 79 NY2d 945).

Defendant's other arguments have been considered and found to be either unpreserved for review or without merit.

Mikoll, J. P., Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.