■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY WHITE, Appellant. [673 NYS2d 905] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered November 13, 1995, convicting defendant, after a jury trial, of criminal possession of stolen property in the fourth degree (3 counts), and sentencing him, as a second felony offender, to three concurrent terms of 2 to 4 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The jury had ample basis to infer that defendant knowingly possessed the stolen bag containing the credit cards, "with no need for a specific jury instruction that such an inference could be made based upon defendant's recent and unexplained exclusive possession" (*People v Charles*, 196 AD2d 750, *lv denied* 82 NY2d 892). Moreover, the evidence supported the statutory presumption that imposes knowledge of theft on a person who possesses two or more stolen credit cards (Penal Law § 165.55 [3]).

Defendant's challenges to the court's main and supplemental charges regarding the elements of the crime and the statutory presumption are not preserved for review, and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court's instructions, as a whole, conveyed the proper principles.

The trial court's *Sandoval* ruling was a proper exercise of discretion, since "[d]efendant's theft-related conviction[ ] [was] highly relevant to his credibility, notwithstanding any similarity to the present charges * * * and defendant cannot shield himself from impeachment simply because he has specialized in theft-related crimes" (*People v Post*, 235 AD2d 299, *lv denied* 90 NY2d 862). Concur—Sullivan, J. P., Rosenberger, Rubin, Williams and Mazzarelli, JJ.