■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABEL ROSAS, Appellant. [818 NYS2d 126]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered October 15, 2003, convicting him of murder in the first degree (two counts), murder in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to two consecutive terms of life imprisonment without parole on the convictions of murder in the first degree, to run concurrently with two consecutive indeterminate terms of imprisonment of 25 years to life on the convictions of murder in the second degree, and an indeterminate term of imprisonment of 7½ to 15 years on the conviction of criminal possession of a weapon in the second degree, to run concurrently with the sentences on the convictions of murder in the first degree.

Ordered that the judgment is modified, on the law, by (1) vacating the convictions of murder in the second degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment, and (2) directing that all of the remaining sentences run concurrently; as so modified, the judgment is affirmed.

The defendant failed to preserve for appellate review the argument that his due process rights were violated by the failure of the police to videotape his interrogation (*see* CPL 470.05 [2]). His contention in this regard is, in any event, without merit (*see People v Peppard*, 27 AD3d 1143, 1144 [2006]; *People v Oglesby*, 15 AD3d 888, 889 [2005]; *People v Martin*, 294 AD2d 850 [2002]; *People v Falkenstein*, 288 AD2d 922, 923 [2001]; *see also People v Caballero*, 23 AD3d 1031, 1032-1033 [2005]).

The defendant correctly contends that his convictions of murder in the second degree, as well as the sentences imposed thereon, must be vacated, and those counts of the indictment dismissed, because those charges constitute inclusory concurrent counts of the convictions of murder in the first degree (*see People v Rodriguez*, 7 AD3d 545, 546 [2004], *affd* 6 NY3d 295 [2006]).

The defendant also correctly contends that the imposition of consecutive sentences of life imprisonment without parole on his convictions of murder in the first degree violates Penal Law § 70.25 (1) and (2) (*see People v Ramirez*, 89 NY2d 444, 451 [1996]; *People v Laureano*, 87 NY2d 640, 643 [1996]; *People v Brown*, 80 NY2d 361, 364 [1992]). Instead, the sentences on the convictions of murder in the first degree should run concurrently with each other. The defendant broke into the victims' home and fired successive shots at his victims, husband and wife, as they lay sleeping in their bed. For this double murder, the defendant was convicted of violating Penal Law § 125.27 (1) (a) (viii), which provides that a person is guilty of murder in the first degree when "[w]ith intent to cause the death of another person, he causes the death of such person or of a third person; and . . . as part of the same criminal transaction, the defendant, with intent to cause serious physical injury to or the death of an additional person or persons, causes the death of an additional person or persons; provided, however, the victim is not a participant in the criminal transaction." Although two separate shots were fired, the act underlying one count of murder in the first degree (the double murder of the wife as the primary victim and the husband as secondary victim) was the identical act underlying the other count of murder in the first degree (the double murder of the husband as the primary victim and the wife as the secondary victim) (*see People v Laureano, supra*). To put it differently, the murder of the wife was a material element of the offense as to the husband and vice versa; therefore, the two life sentences should run concurrently (*see People v Ramirez, supra* at 451). Santucci, J.P., Spolzino, Skelos and Lunn, JJ., concur.