■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINN NELSON, Appellant. [860 NYS2d 546]—Appeal by the defen-

dant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered December 20, 2005, convicting him of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (O'Dwyer, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19-21 [1995]; *People v Ayala,* 15 AD3d 496 [2005]; *People v Montalbo,* 254 AD2d 504, 505 [1998]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of both grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

At the suppression hearing, the People established probable cause for the arrest of the defendant (*see People v Torres,* 47 AD3d 851 [2008], *lv denied* 10 NY3d 817 [2008]). Thus, the evidence obtained as a result of the arrest was not the fruit of an unlawful arrest, and suppression on that ground was properly denied (*id.*).

Finally, the defendant's contention that his due process rights were violated by the failure of the police to videotape his interrogation is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the contention is without merit (*see People v Rosas,* 30 AD3d 545 [2006], *affd* 8 NY3d 493 [2007]). Fisher, J.P., Ritter, Florio and Carni, JJ., concur.