■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSIE J. DUKES, Also Known as JESSIE J. DUKES, JR., Appellant. (Appeal No. 2.) [859 NYS2d 878]—Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered June 14, 2005. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Same memorandum as in *People v Dukes* (53 AD3d 1101 [2008]). Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSIE J. DUKES, Also Known as JESSIE J. DUKES, JR., Appellant. (Appeal No. 1.) [859 NYS2d 878]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered June 9, 2005. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In each appeal, defendant appeals from a judgment convicting him, respectively, of rape in the first degree (Penal Law § 130.35 [3]) and sexual abuse in the first degree (§ 130.65 [3]). Contrary to defendant's contention, the concurrent terms of imprisonment imposed, the longest of which is nine years to be followed by a five-year period of postrelease supervision for the rape conviction, are not unduly harsh or severe. We decline defendant's request that we disavow our prior decisions in which we held that there is no requirement that the police electronically record their interrogations of defendants (*see People v Davis*, 48 AD3d 1086, 1087-1088 [2008]). As we have previously noted, "[t]here is no Federal or State due process requirement that interrogations . . . be electronically recorded" (*People v Falkenstein*, 288 AD2d 922, 923 [2001], *lv denied* 97 NY2d 704 [2002]; *see People v DeMicco*, 39 AD3d 1262, 1263 [2007], *lv denied* 9 NY3d 864 [2007]; *People v Kunz*, 31 AD3d 1191 [2006], *lv denied* 7 NY3d 868 [2006]). Present— Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.