■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY D. BECKINGHAM, Appellant. [869 NYS2d 649]—

Kane, J.

Defendant's wife was found unconscious on the floor of the home she shared with defendant. Her sons and emergency personnel were unable to resuscitate her. An autopsy revealed that she had a bruise on the back of her head, 12 broken ribs and two lacerations of the liver which had caused about 20% of her blood to leak into her abdomen. Defendant was accused of causing her death and charged with manslaughter in the first degree. After a jury found him guilty, County Court denied defendant's motion to set aside the verdict, without a hearing, and sentenced him to 25 years in prison with five years of postrelease supervision. On defendant's appeal, we affirm.

The verdict is based upon legally sufficient evidence. The forensic pathologist who performed the autopsy testified that the victim died due to blood loss from the liver lacerations, which were caused by blunt force trauma. Contrary to the defense theory, the pathologist explained that the liver lacerations and the majority of the rib fractures could not have been caused by

CPR, which was performed on the victim after she had expired. Aside from this medical proof, defendant admitted, in statements to police, that he engaged in a physical altercation with his wife, was the last person to see her alive, and may have blacked out and hurt her. Viewed in a light most favorable to the People, this evidence and its related permissible inferences were legally sufficient to support the jury's verdict (*see People v Degiorgio*, 36 AD3d 1007, 1008 [2007], *lv denied* 8 NY3d 921 [2007], *cert denied* 552 US —, 128 S Ct 506 [2007]; *People v Lopez*, 9 AD3d 692, 694 [2004]).

The verdict was also not against the weight of the evidence. In contrast to the People's expert pathologist, who actually performed the autopsy, defendant presented the testimony of a forensic pathologist who did not dispute the physical findings, but reached a different conclusion as to the cause and manner of death. The defense expert opined that most of the rib fractures and both liver lacerations were caused by CPR and did not contribute to the victim's death. According to this expert, the victim committed suicide through an overdose of alcohol and prescription medications. Viewing the evidence in a neutral light, but giving deference to the jury's credibility determination favoring the People's pathologist over defendant's pathologist, we cannot say that the jury failed to accord the evidence its appropriate weight (*see People v Walton*, 16 AD3d 903, 904 [2005], *lv denied* 5 NY3d 796 [2005]).

County Court did not err in denying defendant's motion to set aside the verdict. Defendant based his motion on newly discovered evidence, namely the affidavit of a jailhouse informant which recanted his trial testimony concerning admissions allegedly made to him by defendant. An affidavit which merely impeaches, contradicts or recants prior testimony or statements is generally considered unreliable and, by itself, insufficient to require a court to set aside a verdict (*see People v Saunders*, 301 AD2d 869, 872 [2003], *lv denied* 100 NY2d 542 [2003]; *People v Stamps*, 268 AD2d 886, 887 [2000], *lv denied* 94 NY2d 925 [2000]). Here, the informant's allegations were, in part, belied by documentary and reliable evidence. The court did not abuse its discretion in denying defendant's motion without a hearing, as the motion papers and oral argument provided a sufficient basis to render a decision (*see People v Saunders*, 301 AD2d at 872; *People v Stamps*, 268 AD2d at 888).

We reject defendant's contention that his state and federal due process rights were violated through the police officers' failure to videotape his interrogation (*see People v Dukes*, 53 AD3d 1101, 1101 [2008]; *People v Nelson*, 52 AD3d 534, 535 [2008], *lv*

*denied* 11 NY3d 739 [2008]; *People v Rosas*, 30 AD3d 545, 545 [2006], *affd* 8 NY3d 493 [2007]). Neither the constitution nor New York law requires the police to electronically record interviews or interrogations.

Finally, we reject defendant's challenge to County Court's charge on circumstantial evidence, as the court provided the jury with the instruction—taken directly from the Pattern Jury Instructions—for a case based solely upon circumstantial evidence (*see* CJI2d[NY] Evidence—Circumstantial Evidence; *see also People v Sanchez*, 61 NY2d 1022, 1024 [1984]). Defendant's remaining contentions have been reviewed and are also without merit.

Cardona, P.J., Mercure, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.