■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HODGES, Appellant. [869 NYS2d 912]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Buchter, J.), rendered April 24, 2006, convicting him of assault in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), criminal possession of stolen property in the fourth degree, and resisting arrest, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court rendered June 14, 2006, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal from the judgment rendered April 24, 2006, brings up for review the denial (Lewis, J.), after a hearing (O'Dwyer, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgments are affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress certain incriminating statements the defendant made to detectives during an interview. The credibility determinations of the hearing court are entitled to great deference on appeal, and its conclusions will not be set aside unless manifestly erroneous or unsupported by the record (*see People v Rivera,* 27 AD3d 489, 490 [2006]). The record supports the hearing court's determination to credit the detectives' testimony, which established that the defendant's right to counsel had not attached when the defendant made the statements to the detectives (*see People v Jenneman,* 37 AD3d 736, 737 [2007]). Furthermore, the defendant's contention that his due process rights were violated by the detectives' failure to videotape the interview is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit (*see People v Nelson,* 52 AD3d 534, 535 [2008]; *People v Rosas,* 30 AD3d 545 [2006], *affd* 8 NY3d 493 [2007]).

The defendant's remaining contention has been rendered academic in light of our determination. Spolzino, J.P., Covello, Balkin and Belen, JJ., concur.