**THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY ROBINSON, Appellant.** [888 NYS2d 895]

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Prudenti, P.J., Rivera, Fisher and Florio, JJ., concur.

**THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN RODRIGUEZ, Appellant.** [888 NYS2d 894]

The defendant contends that his due process rights were violated by the detective's failure to videotape his interrogation. This argument is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit (*see People v Hodges*, 58 AD3d 642 [2009]; *People v Nelson*, 52 AD3d 534 [2008]; *People v Rosas*, 30 AD3d 545 [2006], *affd* 8 NY3d 493 [2007]).

The defendant failed to demonstrate that he was denied the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137 [1981]). A review of the record in its entirety reveals that defense counsel provided meaningful representation (*see People v Rios*, 213 AD2d 726 [1995]; *People v Abdullah*, 100 AD2d 550 [1984], *cert denied* 474 US 919 [1985]; *People v Tonge*, 93 NY2d 838, 840 [1999]).

The defendant's remaining contentions, raised in his supplemental pro se brief, are without merit. Skelos, J.P., Eng, Leventhal and Chambers, JJ., concur.