◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO TORRES, Appellant. [896 NYS2d 875]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 29, 2008, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the testimony of two police officers improperly bolstered the identification testimony of one of the witnesses is unpreserved for appellate review, since he failed to object to the allegedly improper testimony (*see* CPL 470.05 [2]; *People v Tavarez*, 55 AD3d 932 [2008]; *People v South*, 47 AD3d 734, 735 [2008]; *People v Jackson*, 25 AD3d 808 [2006]; *People v Wilson*, 295 AD2d 545 [2002]). In any event, the admission of the testimony into evidence does not require reversal.

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is also unpreserved for appellate review, as he failed to object to any of the complained-of remarks at trial (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911 [2006]; *People v Douglas*, 64 AD3d 726 [2009]; *People v Johnson*, 64 AD3d 616 [2009]). In any event, most of the challenged remarks were within the broad bounds of rhetorical comment permissible in closing arguments, fair comment on the evidence, or responsive to arguments and theories presented in the defense summation (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Turner*, 214 AD2d 594 [1995]). Any error resulting from the remaining challenged remarks was harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Ortiz*, 46 AD3d 580, 581 [2007]; *People v Adamo*, 309 AD2d 808, 809 [2003]). Rivera, J.P., Florio, Angiolillo and Belen, JJ., concur.