THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICKEY CASS, Appellant. [914 NYS2d 176]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered October 26, 2004, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgement is affirmed.

The defendant was convicted of murder in the second degree for strangling the victim.

The defendant's contention that his due process rights were violated by the detectives' failure to videotape the entirety of his interrogation is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit (*see People v Rodriguez*, 68 AD3d 789 [2009]; *People v Hodges*, 58 AD3d 642 [2009]; *People v Nelson*, 52 AD3d 534, 535 [2008]; *People v Rosas*, 30 AD3d 545, 545 [2006]).

Moreover, under the circumstances presented here, the defendant's statement regarding his role in a prior homicide in which another male victim was strangled, under circumstances similar to the death of the victim in this case, was admissible for the purpose of disproving the defendant's claim that he was acting under the influence of extreme emotional disturbance when he strangled the victim in this case (*see People v Santarelli*, 49 NY2d 241 [1980]; *People v Schicchi*, 13 AD3d 470, 471 [2004]; *People v Ludwigsen*, 159 Ad2d 591, 592 [1990]). Any potential for prejudice was far outweighed by the probative value of the evidence (*see People v Santarelli*, 49 NY2d 241 [1980]; *People v Schicchi*, 13 AD3d at 471; *People v Manzella*, 199 AD2d 964, 964-965 [1993]; *People v Torres*, 182 AD2d 587, 588 [1992]).

The defendant's contention that various comments made by the prosecutor during her summation were improper and deprived him of a fair trial is not preserved for appellate review, as the defendant either failed to make specific and timely objections, seek curative instructions, or move for a mistrial when the trial court sustained the objections (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Gregory*, 55 AD3d 752 [2008]; *People v Norman*, 40 AD3d 1130, 1131 [2007]). In any event, most of the challenged remarks were within the broad bounds of rhetorical comment permissible in closing arguments, fair comment on the evidence, or responsive to theories and contentions presented in the defense summation (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Torres*, 71 AD3d 1063 [2010]; *People v Pinckney*,

27 AD3d 581, 582 [2006]; *People v Rhodes*, 11 AD3d 487, 488 [2004]). Any error resulting from the remaining challenged remarks was harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Torres*, 71 AD3d at 1063). Furthermore, defense counsel's failure to object to the challenged remarks did not constitute ineffective assistance of counsel (*see People v Taylor*, 1 NY3d 174 [2003]; *People v Delamota*, 74 AD3d 1225, 1227 [2010]; *People v Lopez*, 69 AD3d 958 [2010]).

Insofar as the defendant's contention that he did not authorize defense counsel to claim that he was acting under the influence of extreme emotional disturbance is based upon matter which is dehors the record, it is not reviewable on this appeal (*see e.g. People v Tillman*, 74 AD3d 1251 [2010], *lv denied* 15 NY3d 856 [2010]). To the extent that this contention can be reviewed, the record establishes that defense counsel properly consulted and informed the defendant and that the defendant freely agreed to proceed with the defense.

The defendant's remaining contentions, raised in his supplemental pro se brief, are unpreserved for appellate review and, in any event, are without merit. Mastro, J.P., Florio, Leventhal and Sgroi, JJ., concur.