■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN LAWTON, Appellant. [915 NYS2d 879]—

Appeal by the defendant from a judgment of the Supreme

Court, Queens County (Kohm, J.), rendered December 14, 2006, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that certain remarks made by the prosecutor during summation were improper and deprived him of a fair trial is unpreserved for appellate review. The defendant either did not object to the remarks at issue or made only general objections, or his objections were sustained without any further request for curative instructions, and his motion for a mistrial after the completion of summations was untimely and failed to preserve his contention (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911 [2006]; *People v Dorsette*, 47 AD3d 728 [2008]; *People v Owens*, 43 AD3d 1185 [2007]). In any event, the majority of the challenged remarks did not exceed the bounds of rhetorical comment permissible in closing argument (*see People v Galloway*, 54 NY2d 396 [1981]), and constituted either fair comment upon the evidence or fair response to the defense summation (*see People v Halm*, 81 NY2d 819 [1993]; *People v Ashwal*, 39 NY2d 105 [1976]). To the extent that some of the challenged remarks were improper, any error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]; *People v Brown*, 79 AD3d 1142 [2010]; *People v Cass*, 79 AD3d 768 [2010]; *People v Torres*, 71 AD3d 1063 [2010]).

Furthermore, contrary to the defendant's contention, defense counsel's failure to object to certain remarks made by the prosecutor during summation did not constitute ineffective assistance of counsel (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Torres*, 72 AD3d 709 [2010]). Mastro, J.P., Covello, Angiolillo and Lott, JJ., concur.