■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOKER THOMAS, Appellant. [935 NYS2d 329]—

Contrary to the People's contention, the defendant's claim that his due process and fair trial rights were violated by the failure of police to record his interrogation on video was sufficiently preserved for appellate review (*see* CPL 470.05 [2]). However, the defendant's claim in this regard is without merit (*see People v Cass*, 79 AD3d 768, 769 [2010], *lv granted* 17 NY3d 793 [2011]; *People v Rodriguez*, 68 AD3d 789 [2009]; *People v Hodges*, 58 AD3d 642, 642 [2009]; *People v Boyd*, 21 AD3d 1428, 1429 [2005]; *People v Falkenstein*, 288 AD2d 922, 923 [2001]).

The defendant's contention that the evidence was legally insufficient to establish his guilt of burglary in the first degree and burglary in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that, contrary to the defendant's contention, it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt, with respect to the

charges of burglary in the first degree and burglary in the second degree (*see* Penal Law §§ 140.25, 140.30; *People v Romero*, 78 AD3d 740, 741 [2010]; *People v Washington*, 26 AD3d 400, 400 [2006]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to the counts of burglary in the first degree and burglary in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The evidence demonstrated, beyond a reasonable doubt, inter alia, that the defendant knowingly entered the respective buildings unlawfully.

The defendant's contention that he was deprived of the effective assistance of counsel based on his attorney's failure to seek dismissal of the charges of burglary in the first degree and burglary in the second degree is without merit (*see generally Strickland v Washington*, 466 US 668 [1984]; *People v Henry*, 95 NY2d 563, 565-566 [2000]). "A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287 [2004]; *see People v Caban*, 5 NY3d 143, 152 [2005]). Skelos, J.P., Dickerson, Hall and Miller, JJ., concur.