THIRD DEPARTMENT, DECEMBER, 2013

(December 5, 2013)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEJON MOORE, Appellant. [976 NYS2d 587]—

Rose, J.P. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered March 25, 2009, upon a verdict convicting defendant of the crime of reckless assault of a child.

Two months after defendant began dating the codefendant, Kansinya Lewis, her 11-month-old daughter was found to be unresponsive, clenching her fists in pain, bruised, unable to hold her head up and with her eyes rolled back in her head. The child was transported to the hospital where emergency room staff determined that she had suffered a traumatic brain injury. When later questioned by police, defendant admitted that he shook the baby earlier that day because she was crying, he was angry that Lewis was sleeping and not attending to the child, and he could not take it anymore. Defendant was thereafter charged with assault in the first degree and reckless assault of a child. After a joint jury trial, he was found guilty of the reckless assault charge. He was sentenced to a prison term of seven years with three years of postrelease supervision, and he now appeals.*

We reject defendant's contention that his repeated motions for severance should have been granted. Lewis' defense, that she did not know what caused the child's injuries, was not "in irreconcilable conflict" with defendant's claims that his state-

---

* We previously affirmed Lewis' conviction for endangering the welfare of a child (*People v Lewis*, 83 AD3d 1206 [2011], *lv denied* 17 NY3d 797 [2011]).

ments were involuntary and that the proof was insufficient to establish his guilt (*People v Mahboubian*, 74 NY2d 174, 184 [1989]; *see People v Smith*, 89 AD3d 1126, 1131 [2011], *lv denied* 18 NY3d 962 [2012]; *People v Cordato*, 85 AD3d 1304, 1308 [2011], *lv denied* 17 NY3d 815 [2011]). Nor did Lewis implicate defendant as the perpetrator or offer any evidence that she had witnessed him express anger toward her children on any occasion.

We find no basis for defendant's claim that his statement to the police was the product of duress (*see People v Snow*, 79 AD3d 1252, 1255 [2010], *lv denied* 16 NY3d 800 [2011]; *People v Manos*, 73 AD3d 1333, 1339 [2010], *lv denied* 15 NY3d 807 [2010]). His additional arguments that his statement should have been suppressed because it was not electronically recorded and that the jury should have been given an adverse inference charge based on the lack of a video or audio recording are not preserved for our review (*see* CPL 470.05 [2]; *People v Wolfe*, 103 AD3d 1031, 1034-1035 [2013], *lv denied* 21 NY3d 1021 [2013]; *People v Kindred*, 100 AD3d 1038, 1040 [2012], *lv denied* 21 NY3d 913 [2013]). In any event, there is no due process requirement that the statement be electronically recorded (*see People v Beckingham*, 57 AD3d 1098, 1099-1100 [2008], *lv denied* 13 NY3d 742 [2009]; *People v Nelson*, 52 AD3d 534, 535 [2008], *lv denied* 11 NY3d 739 [2008]), nor is there any basis for an adverse inference charge to be given (*see People v Rivera*, 105 AD3d 1343, 1346 [2013], *lv denied* 21 NY3d 1045 [2013]; *People v McMillon*, 77 AD3d 1375, 1375 [2010], *lv denied* 16 NY3d 897 [2011]).

Defendant's contention that his conviction is not supported by legally sufficient evidence is also without merit. His statement that he shook the child so hard that she "lost her air" on the morning the injuries were discovered puts his actions within the time frame when the medical experts testified that the injuries were inflicted. Defendant also admitted to a child protective services worker that he shook the child, and there was testimony from witnesses that defendant had previously yelled at the child for crying, and would tell the child to "shut the f. . . up." Evidence that the severity of the child's injuries indicated that they were not caused by shaking alone does not require that defendant's confession be disregarded, but merely provides a basis to infer that defendant did more to the child than he admitted. Viewed in a light most favorable to the People, the evidence provides a valid line of reasoning and permissible inferences on which to conclude that defendant committed the crime of reckless assault of a child (*see* Penal Law § 120.02 [1];

*People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Marsh*, 100 AD3d 1020, 1020-1021 [2012], *lv denied* 20 NY3d 1063 [2013]).

We are also unpersuaded by defendant's contention that Lewis' lack of credibility renders the verdict against the weight of the evidence, inasmuch as the issue of her credibility was fully explored at trial. In any event, given that she did not implicate defendant, any lack of credibility on her part would do nothing to undermine the evidence of his guilt (*see People v Mitchell*, 94 AD3d 1252, 1253-1254 [2012], *lv denied* 19 NY3d 964 [2012]; *People v Polomaine*, 89 AD3d 1215, 1215 [2011], *lv denied* 18 NY3d 927 [2012]).

Finally, in light of the heinous nature of this crime against a helpless baby, as well as defendant's history of violent behavior, we find no abuse of discretion by County Court with respect to the sentence and we will not disturb it (*see People v Snyder*, 91 AD3d 1206, 1215 [2012], *lv denied* 19 NY3d 968 [2012], *cert denied* 568 US —, 133 S Ct 791 [2012]; *People v Mitchell*, 289 AD2d 776, 780 [2001], *lv denied* 98 NY2d 653 [2002]).

Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.