Appeals by the defendant from two judgments of the Supreme Court, Queens County (Lasak, J.), both rendered February 16, 2011, convicting him of robbery in the first degree (three counts) under indictment No. 214/2010, and robbery in the first degree (two counts) under indictment No. 215/2010, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial (Grosso, J.), after a hearing, of that branch of the defendant’s omnibus motion which was to suppress statements he made to law enforcement officials.
Ordered that the judgments are affirmed.
Contrary to the defendant’s contention in his pro se supplemental brief, the Supreme Court properly denied that branch of his omnibus motion which was to suppress statements he made to law enforcement officials. The hearing court’s credibility determinations are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record (see People v Davis, 103 AD3d 810, 811 [2013]; People v Martinez, 58 AD3d 870, 870-871 [2009]). Here, the record amply supports the court’s conclusion that the defendant’s oral and written statements were admissible, since the hearing testimony established that the defendant was advised of, and voluntarily *878 waived, his Miranda rights (see Miranda v Arizona, 384 US 436 [1966]) and did not invoke his right to counsel (see People v Rushion, 26 AD3d 448 [2006]). Moreover, under the circumstances presented, and since the defendant remained in continuous custody, the police were not required to re-administer the Miranda warnings before questioning the defendant again a few hours later (see People v Dayton, 66 AD3d 797, 798 [2009]; People v Hasty, 25 AD3d 740, 741 [2006]; People v Pierre, 300 AD2d 324 [2002]). The defendant’s additional challenges to the suppression ruling raised in his pro se supplemental brief were not presented to the hearing court and, thus, are not properly before us on the appeals (see generally People v DeCampoamor, 91 AD3d 669, 670-671 [2012]).
The defendant’s contention, advanced in his pro se supplemental brief, that, with respect to both convictions, the evidence was legally insufficient to establish that he displayed what appeared to be a firearm (see Penal Law § 160.15 [4]) is unpreserved for appellate review, since he did not make this contention in his motion to dismiss (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]; People v Middleton, 52 AD3d 533 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983] ), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdicts of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant was not deprived of the effective assistance of counsel. Viewing the representation in its totality, we conclude that trial counsel rendered effective assistance under the applicable legal standards (see Strickland v Washington, 466 US 668 [1984]; People v Benevento, 91 NY2d 708, 713-714 [1998]). In this regard, the defendant has not shown “the absence of strategic or other legitimate explanations” for the conduct challenged on the appeals (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Barboni, 21 NY3d 393, 405-406 [2013]; People v McNeal, 111 AD3d 652, 652-653 [2013]). Mastro, J.P, Austin, Sgroi and Miller, JJ., concur.