■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY YOUNG, Appellant. [983 NYS2d 120]—

McCarthy, J. Appeals (1) from a judgment of the County Court of Albany County (Herrick, J.), rendered September 14, 2011, upon a verdict convicting defendant of the crimes of reckless endangerment in the first degree, criminal trespass in the second degree, criminal mischief in the fourth degree, unlawfully fleeing a police officer in a motor vehicle in the third degree and driving while intoxicated, and (2) by permission, from an order of said court, entered March 29, 2013, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant broke into a house. When defendant was confronted by the owner, who knew him, defendant got into a vehicle, backed out of the driveway, evaded a police officer, and drove at a high rate of speed without his lights on, eventually crashing into another vehicle. Defendant was charged in an indictment with burglary in the second degree, criminal mischief in the fourth degree, petit larceny, unlawfully fleeing a police officer in a motor vehicle in the third degree, reckless endangerment in the first degree, criminal mischief in the second degree and driving while intoxicated. Prior to trial, County Court dismissed the charge of criminal mischief in the second degree. At trial, defendant was acquitted of petit larceny, found guilty of criminal trespass in the second degree as a lesser included offense on the count charging burglary, and found guilty of the remaining charges. County Court sentenced him to one year terms for each of the misdemeanor convictions, which were merged by operation of law (see Penal Law § 70.35) into the sentence of 3 to 6 years in prison for reckless endangerment in

the first degree. The court also imposed restitution and required defendant to install an interlock device on his vehicle after his release from prison.

Defendant later moved, pursuant to CPL 440.10, to vacate his judgment of conviction. County Court denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his motion.

Defendant was not denied a fair trial by County Court's pretrial *Sandoval* ruling. In such a ruling, the trial court has discretion and may choose from several options when weighing the prejudice to a defendant's right to a fair trial against the People's right to impeach a testifying defendant's credibility based on his or her prior convictions (*see People v Hayes*, 97 NY2d 203, 207 [2002]). Those options include exclusion of the evidence, limiting the inquiry to whether there has been a prior conviction, limiting inquiry to the existence and nature of the prior conviction, or allowing inquiry into the underlying facts and circumstances of a prior conviction (*see People v Smith*, 18 NY3d 588, 593 [2012]; *People v Hayes*, 97 NY2d at 208). Here, the People sought to use 14 prior convictions to impeach defendant's credibility if he testified at trial. The court entirely precluded reference to five of those convictions as too old. With respect to defendant's two felony convictions, for burglary in the second degree and attempted criminal possession of a controlled substance in the fifth degree, the court limited the People's inquiry to whether defendant had been convicted of a felony on a certain date. With respect to the remaining misdemeanors, the court also limited inquiry to whether defendant had been convicted of a misdemeanor on a certain date, without permitting the facts or the name of the crime. The court explained that the permitted crimes "go directly to the defendant's credibility or the fact that he places himself above the interests of society," but that the limitations placed on their use diminished the prejudice to defendant. As this compromise appropriately balanced the interests at stake, we cannot say that the court abused its discretion in this regard (*see People v Smith*, 18 NY3d at 594; *People v Williams*, 12 NY3d 726, 727 [2009]; *People v Lemke*, 58 AD3d 1078, 1079 [2009]).

Defendant did not preserve for review his argument that he was denied due process or a fair trial by the People's elicitation of statements he made referencing his prior incarceration, or by a statement that his counsel elicited from a witness that defendant had been accused of stealing from the witness's relative (*see People v Abrams*, 73 AD3d 1225, 1227 [2010], *affd* 17 NY3d

760 [2011]; *People v Tinning*, 142 AD2d 402, 406 [1988], *lv denied* 73 NY2d 1022 [1989]). We decline to exercise our interest of justice jurisdiction in connection with these unpreserved arguments.

Defendant created a dangerous situation by driving, while intoxicated, at a high rate of speed, with no lights on, in an area that included residences, businesses and a school. While fleeing from police, he struck a vehicle, continued driving, then caused a major collision that put him in a coma and totaled the other vehicle. Considering these circumstances that put the safety of the community at risk, along with his criminal history, defendant's sentence was not harsh or excessive (*see People v Holmes*, 67 AD3d 1069, 1071 [2009]; *People v Padula*, 197 AD2d 747, 749 [1993], *lv denied* 82 NY2d 928 [1994]).

County Court properly denied defendant's CPL 440.10 motion to vacate the judgment of conviction. Defendant asserts that he was improperly arraigned, without counsel, while he was in a coma in the hospital and that no record was made of that arraignment. The motion papers do not contain any support for this assertion, other than defendant's own affidavit. Even if this were true, however, such alleged error was cured when defendant was arraigned two months later, with counsel present, upon return of the indictment (*see People ex rel. Van Steenburg v Wasser*, 69 AD3d 1135, 1136 [2010], *lv dismissed and denied* 14 NY3d 883 [2010]; *People v Meachem*, 50 AD2d 953, 953 [1975]; *People v Winch*, 50 AD2d 948, 948 [1975]).

Most of defendant's arguments alleging ineffective assistance of counsel are based on information that was in the record. As these arguments could have been raised on direct appeal, they are not the proper basis for a postconviction motion (*see* CPL 440.10 [2] [c]; *People v Lindsey*, 302 AD2d 128, 130 [2003], *lv denied* 100 NY2d 583 [2003]). To the extent that his argument is based on information that was outside the original record, it does not support a finding of ineffective assistance.[1] Defendant asserts that counsel was inexperienced in criminal law, unprepared, did not explore defenses and did not explain strategy or options to defendant. Despite those allegations, counsel obtained dismissal of one count prior to trial, engaged in plea bargain negotiations, and achieved an outright acquittal on one count plus an acquittal on the most serious count, with the jury convicting defendant of a misdemeanor lesser included charge on that

---

[1]. Defendant's complaints about his assigned counsel are irrelevant, considering that defendant later retained counsel approximately five months prior to trial, and his retained counsel could have remedied any errors allegedly committed by prior counsel.

count. While defendant asserts that had he been properly advised he may not have proceeded to trial, the People offered two plea bargains prior to trial and defendant rejected each one. His eventual sentence was less than the proposed sentence in either of those two offers. Viewing defendant's assertions in his motion along with the record as a whole, defendant failed to raise a triable issue of fact on his claim of ineffective assistance.

Although defendant sustained a head injury in the collision and was apparently in a coma afterward, the motion papers do not indicate that defendant lacked the capacity to understand the charges or proceedings or assist in his defense for the trial six months later.[2] Thus, he has not provided any support for his argument that defense counsel should have requested, or County Court should have sua sponte ordered, a hearing pursuant to CPL article 730 (see People v Dowling, 92 AD3d 1034, 1034-1035 [2012], lv denied 18 NY3d 993 [2012]; People v Alexis, 65 AD3d 1160, 1161 [2009]; see also People v Shiels, 93 AD3d 992, 993 [2012]). Accordingly, the court properly denied defendant's CPL 440.10 motion, without a hearing.

Peters, P.J., Stein and Garry, JJ., concur. Ordered that the judgment and order are affirmed.

---

**2.** The record also does not support such a proposition. If it did, however, his argument would have to have been raised on direct appeal, rather than in a postconviction motion (see CPL 440.10 [2] [c]).