■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL FESTUS, Appellant. [21 NYS3d 278]—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Hinrichs, J.), rendered September 1, 2010, convicting him of murder in the first degree, murder in the second degree, and conspiracy in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that his due process rights were violated by the failure to videotape his interrogation by the

police is unpreserved for appellate review (*see* CPL 470.05 [2]) and in any event, without merit (*see People v Marsden*, 130 AD3d 945, 947 [2015]; *People v Thomas*, 90 AD3d 1080, 1081 [2011]; *People v Rodriguez*, 68 AD3d 789, 789 [2009]; *People v Nelson*, 52 AD3d 534, 535 [2008]).

The credibility determinations of the hearing court following a suppression hearing are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (*see People v Whyte*, 47 AD3d 852, 852-853 [2008]). Here, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to the police based on the testimony of the detective who conducted the interrogation that the defendant waived his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), never invoked his right to counsel, and made his statements voluntarily. There is no basis in the record to disturb the hearing court's determination crediting testimony.

The People's notice of intention to introduce a photo array on which the defendant wrote that he identified someone in the array as an accomplice was sufficient under CPL 710.30 (1) (a) to give notice of the People's intention to use, at trial, the defendant's statement written on the array (*see People v Springer*, 221 AD2d 386, 386 [1995]).

The Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371, 374-375 [1974]) struck an appropriate balance between the probative value of certain evidence of the defendant's prior convictions and the risk of prejudice to the defendant. Furthermore, the defendant was not denied a fair trial by the People's summation (*see People v Galloway*, 54 NY2d 396, 401 [1981]).

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]).

The contentions raised in the defendant's pro se supplemental brief concerning the alleged violation of his right to remain silent and the delay in his arraignment are unpreserved for appellate review (*see* CPL 470.05 [2]), and, in any event, without merit (*see People v Williams*, 297 AD2d 325, 325 [2002]; *People v Sprague*, 267 AD2d 875, 879 [1999]). The defendant failed to establish that he was denied the effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 146-147 [1981]). Eng, P.J., Balkin, Cohen and Duffy, JJ., concur.