■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER FOUNTAIN, Appellant. [25 NYS3d 907]—

Appeal by the defendant from a judgment of the Supreme Court, Rockland County (Kelly, J.), rendered August 9, 2011, convicting him of robbery in the first degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that his oral and written statements to law enforcement officials should have been suppressed because they were taken in violation of his right to counsel. The credibility determinations of the hearing court following a suppression hearing are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (see People v Festus, 133 AD3d 876, 877 [2015]; People v Richardson, 118 AD3d 821 [2014]). Here, the record amply supports the hearing court's conclusion that the defendant's oral and written statements were admissible, since the hearing testimony established that the defendant was advised of, and voluntarily waived, his Miranda rights (see Miranda v Arizona, 384 US 436 [1966]), and that he did not invoke his right to counsel (see People v Festus, 133 AD3d at 877; People v Johnson, 114 AD3d 877, 878 [2014]; People v Ramos, 45 AD3d 702, 703 [2007]). Although the defendant testified on his own behalf to the contrary, the conflicting testimony adduced at the suppression hearing presented a credibility question for the hearing court (see People v Grigoroff, 131 AD3d 541, 543 [2015]), and there is no basis in the record to disturb the hearing court's determination to credit the police testimony (see People v Duggins, 1 AD3d 450 [2003], affd 3 NY3d 522 [2004]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Chambers, J.P., Austin, Sgroi and Duffy, JJ., concur.